Hay, Judge,
delivered the opinion of the court: 1
The plaintiff, an officer of the Air Service stationed at Washington, D. C., in the office of the Chief of the Air Service, was on August 9, 1921, by an order of the Secretary of War, relieved from that assignment and duty and ordered to report to the commandant, Army War College, at Washington, D. C., for duty as student officer, 1921-22 course. The plaintiff complied with said order and reported for duty as student officer, Army War College, on August 15, 1921, and remained on said duty until June 30,1922.
The plaintiff was, on July 1, 1920, commissioned in the Air Service of the United States Army as a lieutenant colonel. On October 5, 1920, he was rated as junior military aviator; his duties under that order required him to participate regularly and frequently in aerial flights, and he was paid the increased pay provided in the act of June 4, 1920, for officers while on such duty up to and including August 15, 1921. While he was on duty as student officer at the Army War College he was refused the increased pay provided in the act of June 4, 1920, for officers required to *828 participate regularly and frequently in aerial flights, the accounting officers of the Government holding that regular and frequent participation in aerial flights was no part of the duty of a student officer at the Army War College.
The plaintiff brings this suit to recover said increased pay, and alleges that while his duty as a student officer at the Army War College did not require him to participate regularly and frequently in aerial flights, yet he was under orders from the Chief of the Air Service so to do, and that a regulation promulgated by the President of the United States on December 31, 1921 required all officers of the Air Service rated as pilots of airplanes or airships while on a duty status to participate regularly and frequently in aerial flights as pilots whenever flying facilities were available. The plaintiff was rated as a pilot, and he claims that had he not participated in said flights regularly and frequently he would have been subject to military discipline; that as a matter of fact he was on duty requiring him to participate regularly and frequently in aerial flights.
While at the Army War College the plaintiff was on duty as a student officer; that duty was separate and distinct from the duty which he was performing while he was stationed at Washington, D. C., in the office of the Chief of the Air Service. The latter duty required him to participate regularly and frequently in aerial flights. He was by proper authority detached from that duty and assigned to perform a distinctly different duty, which did not require him to participate regularly and frequently in aerial flights. He could not perform at one and the same time two separate and distinct duties; he was either a student officer at the Army War College, or he was an officer in the Air Service whose duty it was to perform the duties of such an officer, included in which was the duty which required him to participate regularly and frequently in aerial flights. During the period for which he is demanding increased pay under section 18-A of the act of June 4, 1920, he was on duty which did not require him to participate regularly and frequently in aerial flights. It may be true that his superior officers required him to take these flights, but such requirements did not change the duty to which he had been assigned *829 by proper authority. Neither the orders of the Chief of the Air Service nor the regulation of the President could change the character of that duty, which was the duty of a student officer at the Army Wat College; and while the plaintiff was on that duty he was not “ on duty requiring him to participate regularly and frequently in aerial flights.” The statute upon which the plaintiff relies provides: “And hereafter no person shall receive additional pay for aviation duty except as prescribed in this section.” Congress in the enactment of this statute evidently intended to confine this additional pay to officers who were on duty solely for participation regularly and frequently in aerial flights.
The flights made by the plaintiff while performing duty as a student officer at the Army War College were incidental to the duty he was then performing. Incidental flying by an officer performing duties other than those prescribed by the statute, can not create a liability upon the Government to pay him this additional pay, which is confined strictly to officers on duty requiring them to participate regularly and frequently in aerial flights.
The petition of the plaintiff must be dismissed. It is so ordered.
DowNex, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GRai-iam, Judge, took no part in the decision of this case.